Good morning. Karen Seldin on behalf of the appellant COSTCO. I'd like to reserve five minutes for rebuttal. Very well. So the central issue in this appeal is whether Mr. Matkovich proved that he was qualified for the front-end assistant position, meaning could he perform the essential functions of the job with reasonable accommodation. The district court concluded that Mr. Matkovich was qualified based on three legal errors, which I'll discuss, and they resulted in a judgment that essentially punished COSTCO for over-accommodating Mr. Matkovich while he was on temporary restrictions and punished COSTCO for not criticizing his performance during that two-year temporary restriction period. So the district court's first error was essentially requiring COSTCO to eliminate an essential function of the position, and that is the car assistance function, whereby the front-end assistants will assist a member or a customer from the checkout stand, push the cart to the parking lot, and assist the member to load the car. And there's no dispute that that function is essential. The district court in its first order and in its Rule 52B order said every function in the job description is essential except for cart retrieval in the parking lot. So there's no dispute that the car assistance function is essential. Plaintiffs agreed. They did not dispute this fact. And plaintiff also admitted that he couldn't perform this function anymore during the job assistance meeting, the JAM meeting. Is it your view that the district court relied entirely and solely on the job description for the definition of essential functions, or did Judge Gandhi do something else? I believe the district court relied both on the job description list as well as the job analysis. The two sort of go hand in hand. Both are distributed to employees at the beginning of their employment, and the plaintiff acknowledged that he received both of those. And so I believe that the district court relied on both of those documents. And there is testimony in the record, uncontroverted, from Mr. Garcia, the warehouse manager, as well as from plaintiff who acknowledged that the job description is an accurate description of the functions. Well, what evidence in the record would support the conclusion, and maybe if there isn't any, you can just say that, that lifting more than 25 pounds or pushing or pulling more than 30 pounds is an essential function of the front-end position? So I would refer the court to the job analysis that does talk about how lifting is required continuously in the job for weights of over 11 pounds. So it's a frequent occurrence. Pushing as well is also in the job analysis. It's not in the job description itself. It's in the job analysis. And there's testimony from both Mr. Garcia, who is the warehouse manager, and was himself a front-end assistant. That's where he began at Costco. And from Mr. Matkovich itself, acknowledging that each of these functions has the potential for lifting over 25 pounds and pushing and pulling 30 pounds. There's also testimony from the leave specialist who talked about just the weight of items at Costco. Everything's a bulk item there. Where did the district court make a finding that lifting over 25 pounds and pushing or pulling over 30 was an essential function? The district court did not specifically say. There is not a discrete finding that says lifting over 25 pounds is essential. What the district court said is each of these functions is essential. And that plaintiff could, was performing the job because he could ask for assistance whenever his restrictions were exceeded. But what that really means is the way Costco operates, and the record is uncontroverted on this, is any time there is, say, a case of water that weighs 36 pounds, or a bag of dog food, or anything that weighs more than 10 pounds in a cart, that exceeds the 30-pound push-pull restriction that Mr. Matkovich had. So every time he had to help someone to a car, he couldn't do that. And there's testimony in the record that for the two years he was on those restrictions, he was not doing that essential function. This will be my last one, I think. Just to follow up on that. What case says that an essential function can be, as you put it, implicitly defined? I mean, all the cases I've read, it's a fact issue, and the courts have taken pains to detail each and every essential function. What case says you can implicitly define an essential function? An essential function, there is a multi-factor analysis, as Your Honor points out. So everything does not have to be encompassed within a job description. Well, that's true, but you still have to make findings about what the job entails. And you said it was implicit, as I understood it, maybe I was wrong. You said it was implicit in the judge's order that you'd have to lift 25 pounds and so on. But I just haven't seen a case that lets you define an essential function implicitly like that. I was wondering if you know of one. I cannot think of one where a court left it unsaid. There are cases that talk about that it is not something that can be derived solely from a job description. You do have to look at the evidence in the record. And so we contend that on this record, it's permissible to infer that. In fact, I think that's the only finding you can infer based on the evidence that was presented during the trial. Because if you're talking about not being able to lift 25 pounds or push a cart with this kind of job, what that means is that, as Mr. Matkovich himself said, he himself admitted if a customer asked for a bag of dog food, he couldn't help lift it. If a customer needed help to his car, he couldn't do it. If there was a go back, which means you go and you take a cart full of items, you have to take them back to keep the front area clean. He couldn't do that. If a customer needed something, as he said, the job was to, as he said, drop everything and go get that thing for the customer. If it's a box of baby wipes, if it's really most things in Costco, he wouldn't be able to do it. And so, again, focusing on the one thing that indisputably he could not do and did not do the entire time he was there, car assistance. The cases are uniform. The inability to do even just one essential function makes a person not qualified for the job. But they're going to come back and say, and you have rebuttal, but they're going to come back and say, look, for two years he did this job and there were no problems with it. And the district court certainly made a big deal about this two-year thing. What should we do? I mean, two years, that's at least 500 days of work where this wasn't a problem. Well, and I think the record on this is clear that as Costco's warehouse manager testified, they excuse essential functions when a person is on temporary restrictions. Mr. Garcia explained that that's their policy because the worker is getting back on their feet, they're having time to heal. And so routinely they will excuse essential functions. And once he was permanent and stationary, that was a trigger for the accommodation discussion to happen. And so to look at those two years and say, well, he was sort of chugging along fine, we don't actually know how much of the work he was doing. By his own admission, he had to ask for help whenever. And the Neely case, for example, that we cite in our briefing, the officer there was on light duty for six years. And in that case, the court said, well, we're not going to punish an employer for over-accommodating. And we're not going to look at that and say, well, because you did that, now you're forever bound to do something that's above and beyond what the law requires. There's other cases that we cite in our brief for the same proposition. Watkins is a Ninth Circuit case where a truck driver was temporarily excused from heavy lifting. And then plaintiff said, well, you've allowed me to do it for that long. What's another, you know, several months? And the court said that you're not required to do that once your condition is permanent. So I think the two years, the district court, you're right, Your Honor, they did rely on that. And I think they over-relied on it because there was no dispute that during that time, as I said, he wasn't doing certain functions, like the car assistance. And the court, I think, made a legal error by excusing that. Dark v. Curry, Samper, these are Ninth Circuit cases, as well as Neely, say you cannot require an employer to excuse an essential function. As a matter of law, that's an error. So this court doesn't have to overturn a single finding of the district court to require a reversal on that basis. Well, you brought a Rule 52B motion in front of the district court. And I think the last sentence in one of your briefs, opening briefs, was you propose possibly a remand for further fact-finding. What do you think is missing in the record? Well, Your Honor, we, when we read the initial order, it was not clear to us whether the court was simply quoting the essential functions from the job description to be essential, because the way the job description is written, it says job duties slash essential functions. So we, out of an abundance of caution, filed a Rule 52B motion. The court, in its order, said I'm finding these things. There's no lack of clarity here. All of these things are essential but for cart retrieval. And plaintiffs, in their opposition to the Rule 52B motion, they agreed. They agreed that the order encompasses all of the job duties that are listed in the job assessment notes. So that's why we brought the motion. And I think it actually did clarify that everything but the cart retrieval was essential. So I would just quickly also turn one more point before, because I see I'm all at the five minutes. The other thing the district court did is it spent a lot of time talking about undue hardship. And how Costco didn't analyze whether it would have been more, the impact on efficiency or whether it should have hired somebody else to help Mr. Matkovich. But there's two major problems with that analysis. One, Costco was not asserting an undue hardship defense in this case. It specifically disclaimed that it was doing that. And two, in the court's order, because it thought that there was an undue hardship analysis to be had, it put the burden on Costco. And it faulted Costco for not proving that providing the accommodation would not have been an undue hardship. And so it essentially reversed the burden of proof and considered factors that are not relevant to the reasonable accommodation analysis. And we contend that at a minimum, that requires remand for the district court to conduct a proper analysis that doesn't shift the burden to Costco to prove a defense that it hadn't asserted in the first place. So unless the court has further questions, I'll reserve my time. Thank you. Good morning, Your Honors. Judith Posner on behalf of Plaintiff Clint Matkovich. Where I want to start is there was no elimination of an essential function. Mr. Matkovich could lift, he could push, he could pull. The only thing that was in question here was that he could not do so, he could not lift over 25 pounds and he could not push more than 30 pounds. But that did not eliminate an essential function from his position. He could still do all of the things that are listed in the job description and in the job analysis. He just had certain restrictions. And when he needed something that was more than 25 pounds or to push something that was more than 30 pounds, he asked another team member for help and he was accommodated. That went on for two years, first with one restriction and then with another added. And then he completed the tasks of his job, never eliminating an essential function. And what he needed to show here, he needed to show that he could perform the essential functions of his position with reasonable accommodation. And once he showed a reasonable accommodation, then the burden would shift to Costco as the defendant to prove undue hardship. So Costco, as it says, did not assert an affirmative defense or a defense of undue hardship. So once Mr. Matkovich showed a reasonable accommodation, then for Costco to place him on a leave was discriminatory. Do you agree that lifting more than 25 pounds and pushing and pulling more than 30 pounds was an essential function of his job? Well, I would say yes to sort of half of that question. I agree that lifting and pushing are essential functions of the position, but not necessarily lifting 25 pounds or pushing 25 pounds. And to the extent that they were, he reasonably accommodated by asking for assistance from a team member. Where did the district court, in your view, address the weight limits? I couldn't see it. I may have missed it, but where did the judge address the weight limit issue, either as an essential function or rejecting it as an essential function? I don't think you missed it. I think what the district court found was these tasks are essential functions. And the district court went through the job description. And, you know, from greeting customers to lifting to helping out if something needed to go back in the store. But I don't think the district court specifically addressed the weight limits as part of the essential function analysis. Well, just to jump in, I'm a little confused because the reasonable accommodation is based on the definition of essential function. And what I thought I heard you saying was they could reasonably accommodate your client if he had to lift something more than 25 pounds or push more than 30, his restrictions from his doctor. But then I also am hearing you saying that wasn't really found to be an essential function. So I'm not sure how the reasonable accommodation point works. Well, I think you can look at it two ways. You can look at it in that lifting, pushing, pulling were essential functions. And whether it was 10 pounds or 25 pounds, the district court didn't necessarily address that. But if you want to imply into his findings that lifting 25 pounds and pushing 30 pounds was an essential function, I think you can look at it two ways. If lifting 25 pounds and pushing 30 pounds were essential functions, then Mr. Matkovich reasonably was accommodated by using the team approach from Costco to ask for assistance with those items. And I think it wasn't every item as sort of was argued by opposing counsel. It was if something was too heavy for him. And what is clear from the record is that Costco did use a team approach for lifting, pushing things that were heavy. Its own policy manual embraces the team approach, saying that if something is too heavy or big or awkward, then the employee should get help or find a way to split the load. It found that if you or its manual also says if you can't see around a load, you can't lift it. It's too big to carry. Get help. And the team approach was discussed throughout the testimony. It also was something that Costco itself said was reasonable. It said assistance at the front register is reasonable. It said that assistance in the electronics department is reasonable. And so for Costco to argue now on appeal that using a team approach was not reasonable, it was not reasonable. If using a team approach away from the register or for pushing a cart to the parking lot is not reasonable as a matter of law, it makes no sense. Because we know that it was reasonable under certain circumstances. And the district court was the fact finder here. So what I think the district court did was to look at the position as a whole, the factors surrounding Mr. Matkovich. The fact that he had worked with restrictions, self-accommodating, self-monitoring for two years. That there were no complaints about his performance. That there were no complaints about his line moving slow or the operations of the store. And the district court, as it should, considering all those factors, made a factual determination that what Mr. Matkovich was doing to self-monitor and ask for help when necessary was reasonable. And once you make that reasonable accommodation finding as a matter of fact, then he becomes a qualified individual. And that was really the only hook here that was a point of contention between the parties. So if you go back and you look, what must Mr. Matkovich show? He needed to show that there was an accommodation that was reasonable on its face. And he did that. He showed that asking for assistance when something lifting or pushing is going to exceed my weight restriction is a reasonable accommodation. And that was based on his course of employment, the front-end managers working as a team, sometimes 15 people. Sometimes 15 of them at a time. And so once he passed that hurdle, he's a qualified individual. And we are looking at a factual finding made by the district court, not a legal error. I'd just like to point out a couple of other things. There was a comment about transitional duty. Mr. Matkovich was not on or in a transitional duty role. He was never given a transitional duty letter. His performance was not, or his job position was not morphed or changed into something else. And even Costco's policy manual says that a traditional duty position is to last no more than six weeks. And we know that that's not what happened here. We know that Mr. Matkovich self-monitored and accommodated for two years. So this isn't a question of transitional duty or a light position. There was nothing like that created for Mr. Matkovich. He performed the essential functions of his job with assistance when necessary. So there's no new position, there's no transfer of an essential function. And the cases are clear that you can have an aide or someone to help with an essential function, as long as it's not transferring the function. And we know that Mr. Matkovich did lift, he did push, he just asked for help when it exceeded his restrictions. And as for the undue hardship analysis, as I said, Costco did not assert that as an affirmative defense. But if you look at the regulation that governs here, and I alluded to this earlier, Mr. Matkovich had an affirmative, or Costco, excuse me, had an affirmative duty to make reasonable accommodation for Mr. Matkovich, an employee with a disability, unless the employer can demonstrate that the accommodation is an undue hardship. So here Mr. Matkovich showed there was a reasonable accommodation for him, using the team as an affirmative defense. And Costco said we're not going to assert an undue hardship defense. But it had a duty, once the district court found the accommodation was reasonable, to allow that accommodation. And Costco's attempting to sort of avoid this, but, you know, some of the factors that go to what is reasonable could also go to what is an undue hardship. Such as how Mr. Matkovich performed, how the front-end assistants worked together. And there was never an analysis done by Costco of whether this would be reasonable. It basically just said it's over 25 pounds or more than 30 pounds, that's it. And that's not what the analysis, there's no restriction, I guess, is what I'm saying on the factors that can go into this. It doesn't go into what is reasonable. You look at the job, you look at how people work together. It's a case-by-case, fact-specific inquiry. And the district court resolved the credibility determinations and the factual disputes in Mr. Matkovich's favor. And it should not be disturbed on appeal. Unless the court has any questions. Thank you very much, Your Honors. Thank you. So counsel said that Mr. Matkovich continued to perform all of the duties of the position during the two years that he was on temporary restrictions. But when he was asked about this at trial, quote, you didn't help them load their items into their vehicles while you were under restrictions, did you? No. That's at 1258 of the record. There is nothing in the record that shows Mr. Matkovich was helping people to their cars during that time. That is indisputably an essential function. He wasn't performing it. So under this Court's dark case, the Samper case, as I alluded to, the judgment has to be reversed on that basis alone, without this Court even getting into team lifting the weights of other items. This is a function that he was not performing. Second point is with respect to the team lifting finding, Mr. Garcia did testify in Costco would have accommodated Mr. Matkovich at the front end. That's in the job assessment notes. But every time he walks away, every time he has to go get another item, the accommodation that someone else has to help him amounts to essentially a job sharing. And the cases are very clear in our brief that job sharing is not a reasonable accommodation. And team lifting doesn't even address the pushing. Team lifting is not two front end assistants standing side by side pushing the same cart. I mean, that would make it so that you'd have to have two front end assistants performing the job of one front end assistant. And that, we submit, is not reasonable as a matter of law. And then one final point, again, on the undue hardship analysis. Again, the Court's order says Costco did not prove certain items. Costco did not have to prove anything in this case. It was Mr. Matkovich's burden to prove that the accommodation was reasonable. And so I think that shifting of the burden of proof to Costco is itself an error that requires reversal. And the very last point I would make is on the damages issue. The major sales assistant position, which, again, Costco had tried to offer Mr. Matkovich after it had determined that he couldn't perform the front end assistant position. Mr. Matkovich didn't respond to the letters offering him that position. We contend that that is a comparable position, same pay grade, same warehouse, similar job duties, except for the heavy lifting. And so we contend that that should have cut off the damages liability and that that should have cut off the damages liability. And so I think that that portion of the District Court's order was an error. Let me ask something about attorney's fees real quick. In this case, you're arguing attorney's fees should be reversed because you think the judgment should be reversed, correct? Correct. I did not see anything in the briefs arguing that the attorney's fees standing alone were excessive for some reason. You're not challenging, am I correct, you're not challenging the amount of attorney's fees assessed as a stand-alone question. You're challenging them that they were assessed at all. We're challenging that they were assessed at all. And if Your Honor finds, if the panel finds that the damages should be mitigated or that there is a partial reversal, then we think that the attorney's fees would need to be reassessed because one of the things you look at is the extent of success in the appeal. Sure. But let's say, which is not what you want, but let's say we disagree with you and say we think the District Court got this right. I'm just trying to understand your attorney's fee argument. You're not saying even if the District Court got it right, the attorney's fees should be cut by a certain amount. That's right, Your Honor. We're not saying that. All right. Thank you very much. Thank you, counsel. Thank you both for your argument today. We appreciate it. This matter is submitted and we are in recess. Thank you.
judges: Fernandez, Owens, Donato